IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GARFIELD DAVIS,**

                            **Petitioner,**

             **v.**                                       **CASE NO. 06-3236-SAC**

**WYANDOTTE COUNTY SHERIFF, et al.,**

                            **Respondents.**


**O R D E R**

This matter is before the court on a pleading filed pro se by a prisoner confined in the Wyandotte County Jail in Kansas City, Kansas. Examining petitioner's allegations and the relief being sought, the court liberally construes the pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2241. The court grants petitioner's motion for leave to proceed in forma pauperis in this habeas action.

Petitioner's present confinement appears to be related to pending prosecution following petitioner's arrest on July 10, 2006. Petitioner claims there is no valid basis for his arrest and confinement, and alleges there is a racially discriminatory and retaliatory conspiracy to arrest him and return him to prison on a felony conviction. He seeks his immediate release and an escort from the jail by the United States Marshal Service.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, to the extent petitioner seeks relief from

pending state criminal charges, habeas corpus after full exhaustion of state court remedies is his recognized federal remedy. *See* Preiser v. Rodriquez, 411 U.S. 475 (1973); Duncan v. Gunter, 15 F.3d 989, 991 (10th Cir. 1994). In Younger v. Harris, 401 U.S. 37, 43 (1971), the Supreme Court held that federal courts should generally avoid interference with state criminal prosecutions which were begun before initiation of the federal suit. The Younger abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997).

In the present case, petitioner challenges an ongoing state criminal proceeding, and the state courts provide an adequate forum to consider and decide petitioner's claims. Younger abstention is thus appropriate in this matter. Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003). Notwithstanding petitioner's conclusory allegations, no exception to Younger abstention is evident on the face of petitioner's pleadings,[1] and the court finds nothing to suggest the State of Kansas would either consent to federal jurisdiction of this matter or stay its prosecution pending a federal court's resolution of petitioner's claims. *See* Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson, 874 F.2d 709, 711 (10th Cir. 1989)(if Younger abstention conditions are met, abstention is mandatory absent extraordinary circumstances).

---

[1] *See* Younger, 401 U.S. at 53-54 (limited exceptions to abstention include bad faith or harassment involving irreparable injury and unusual circumstances).

2

Accordingly, the court directs petitioner to show cause why the petition should not be dismissed without prejudice pursuant to <u>Younger</u>, and to allow petitioner to pursue available state court remedies on his allegations of error.

IT IS THEREFORE ORDERED that petitioner's motion to proceed in forma pauperis in this habeas action is granted.

IT IS FURTHER ORDERED that petitioner's motion to dismiss his pending state prosecution (Doc. 5) is denied without prejudice.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition for a writ of habeas corpus should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 11th day of September 2006 at Topeka, Kansas.


          s/ Sam A. Crow  
          SAM A. CROW  
          U.S. Senior District Judge